UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:21-CR-003-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ADAM LITTLE, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 36 (Minute Entry), Judge Atkins recommended that the undersigned accept Defendant Little's guilty plea and adjudge him guilty of Counts One and Five and the forfeiture allegation of the Indictment (DE 14). *See* DE 39 ¶¶ 4-5 (Recommendation). Judge Atkins expressly informed Little of the right to object to the recommendation and to secure *de novo* review from the undersigned. *See id.* at 3. The established, three (3) business-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 39, **ACCEPTS** Little's guilty plea, and **ADJUDGES** Defendant guilty of Counts One and Five of the Indictment;

2. Further, per Judge Atkins's unopposed recommendation and Defendant's concession (DE 39 ¶ 5) the Court provisionally **FINDS** that the property identified in the operative indictment (DE 14 at 3-4) is forfeitable and that Little has a forfeitable interest in said property, and preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B);

3. The Court **CANCELS** the trial as to this Defendant; and[1]

This the 7th day of September, 2021.

Signed By:
*Robert E. Wier*
United States District Judge

---

[1] At the hearing, Judge Atkins remanded Little to custody. *See* DE 36. This was the status pre-plea. DE 7. That status will persist pending sentencing.